[Cite as *State v. Putzig*, 2014-Ohio-2412.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| ROBERT T. PUTZIG, JR. | : | Case No. 13-COA-034 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Ashland County
Court of Common Pleas, Case No.
13-CRI-050


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      June 3, 2014


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CHRISTOPHER R. TUNNELL      TIMOTHY POTTS
Prosecuting Attorney      10 E. Second Street
      Ashland, OH 44805

By: PAUL T. LANGE
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, OH 44805

*Baldwin, J.*

{¶1}    Appellant Robert T. Putzig, Jr. appeals a judgment of the Ashland County Common Pleas Court sentencing him to an aggregate prison term of sixteen years for four counts of sexual battery (R.C. 2907.03(A)(5)).   Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}    In 2011, appellant was convicted of two counts of sexual battery in which the victim was his stepdaughter.  In November of 2012, Detective Dennis Evans of the Ashland Police Department received a telephone call from the victim in the instant case, who is the older sister of the victim in the 2011 case.  She told the detective that appellant had sexually molested her from the age of twelve to the age of fifteen. Appellant was interviewed at the Madison Correctional Institution, where he confessed to Detective Evans that he had performed oral sex on the victim on multiple occasions.

{¶3}    Pursuant to a negotiated plea agreement, appellant was charged by Bill of Information with four counts of sexual battery, all third degree felonies.   He was sentenced to forty-eight months incarceration in each count, with all sentences to be served consecutively to each other and consecutively to the sentence he was serving from the 2011 case.

{¶4}    Appellant assigns two errors on appeal:

{¶5}    "I.   THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED CONSECUTIVE SENTENCES UPON DEFENDANT/APPELLANT PURSUANT TO OHIO REVISED CODE SECTION 2929.14(C)(4); SAID CONSECUTIVE SENTENCES EXCEEDED THE MAXIMUM PRISON TERM PURSUANT TO OHIO REVISED CODE SECTION 2929.14(A)(3)(a), AND WERE NOT

CONSISTENT WITH THE DIRECTIVES ESTABLISHED IN OHIO REVISED CODE SECTION 2929.14(C)(4) AND/OR WERE CLEARLY AND CONVINCINGLY CONTRARY TO LAW.

{¶6} "II. THE SENTENCES IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, CREATED AN UNNECESSARY BURDEN ON STATE AND/OR LOCAL GOVERNMENT RESOURCES IN VIOLATION OF OHIO REVISED CODE SECTION 2929.13(A) [SIC]."

I.

{¶7} In his first assignment of error, appellant argues that the trial court erred in making mere "boilerplate" findings with respect to consecutive sentencing without correlating any of its findings to the facts of the case. He also argues that even if the findings are sufficient to support the sentence, the sentence is contrary to law because his offense was not excessively serious in nature and only one of the "more serious" factors set forth in R.C. 2929.12(B) is relevant to this case.

{¶8} 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The General Assembly has thus expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective pre- *Foster.* *See State v. Wells,* 8th Dist. Cuyahoga App.No. 98428, 2013–Ohio–1179, ¶ 11. These revisions to the felony sentencing statutes now require a trial court to make specific findings when imposing consecutive sentences. Nonetheless, "[a]lthough H.B. 86 requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons

for imposing the sentence." *State v. Bentley,* 3rd Dist. Marion App.No. 9–12–31, 2013–Ohio–852, ¶ 12, citing *State v. Frasca,* 11th Dist.Trumbull App.No.2011–T–01 08, 2012–Ohio–3746, ¶ 57. Likewise, " * * * under H.B. 86, a trial court is not required to articulate and justify its findings at the sentencing hearing when it imposes consecutive sentences as it had to do under S.B. 2." *State v. Redd,* 8th Dist. Cuyahoga App.No. 98064, 2012–Ohio–5417, ¶ 12. But the record must demonstrate that consecutive sentences are appropriate and clearly supported. *See State v. Ducker,* 5th Dist. Stark App.No.2012CA00192, 2013–Ohio–3657, ¶ 16.

{¶9}    R.C. 2929.14(C)(4) states as follows:

{¶10}   "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶11}   "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶12}   "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶13} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶14} At the sentencing hearing, the trial court noted that appellant had committed the same crimes twice within one family, with girls in the age range of twelve to sixteen. Tr. Sent. 11. The court stated that appellant took advantage of his position and of issues he knew a victim had previously encountered in her life. Tr. Sent. 11-12. The court found consecutive sentencing was necessary because of the history of appellant's criminal conduct and his repeated targeting of a certain type and age of individual. Tr. 13. The court's findings, coupled with the information set forth in the presentence investigation report and filed under seal as a part of the record, were sufficient to support consecutive sentences.

{¶15} Appellant also argues that the circumstances of the offense do not support the court's finding that this was a serious offense. The presentence investigation report includes a letter from the victim setting forth in detail the significant impact the instant crimes have had on her life. Appellant was the stepfather of this victim, as well as the victim in the prior two convictions of sexual battery for which he was serving a prison sentence when these offenses came to light. The offenses often occurred when the mother of the girls, appellant's wife, was at work and the girls were entrusted to appellant's care. The record supports the court's findings that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and that his history

demonstrates that consecutive sentences are necessary to protect the public from future crime.

{¶16}   The first assignment of error is overruled.


II.

{¶17}   In his second assignment of error, appellant argues that imposition of a prison sentence in this case imposes an unnecessary burden on state or local government resources.

{¶18}   R.C. 2929.11(A) provides:

{¶19}   "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶20}   As we noted in *State v. Ferenbaugh,* 5th Dist. Ashland No. 03COA038, 2004–Ohio–977 at paragraph 7, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an 'unnecessary burden' is." Moreover, in *State v. Shull,* 5th Dist. Ashland No.2008–COA036, 2009–Ohio–3105, this Court reviewed a similar claim. We found

that, although burdens on State resources may be a relevant sentencing criteria, state law does not require trial courts to elevate resource conservation above seriousness and recidivism factors. *Shull,* at paragraph 22, citing *State v. Ober,* 2nd Dist. No. 97CA0019, 1997 WL 624811 (October 10, 1997).

{¶21} Appellant repeatedly sexually molested the teenage victim, his stepdaughter, over a period of years. In addition, he has a prior conviction for similar behavior concerning the victim's younger sister. Appellant has not demonstrated that a prison term in the instant case is an unnecessary burden on state and local resources.

{¶22} The second assignment of error is overruled. The judgment of the Ashland County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Farmer, J. concur.